IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:14-CR-00259-JO |
| ) | |
| BRIAN W. HENDRICKS, ) | ORDER ON MOTION TO SUPPRESS |
| ) | |
| Defendant. ) | |
| ) | |

Jones, J.

Defendant, Brian W. Hendricks is charged with one count of fraudulently receiving disability benefits under the Federal Employee Compensation Act (FECA), in violation of 18 U.S.C. § 1920. He filed this motion to suppress oral and written statements he made during an interview conducted on January 7, 2014. (#32) Defendant claims the Fifth Amendment bars the use of those statements and, furthermore, that they are immaterial to the charges filed in this matter. For the following reasons, defendant's motion is DENIED.

A. **Statement of Facts**

Defendant, an employee of the United States Postal Service (USPS), was injured when the vehicle in which he was riding, was struck by another vehicle. In 2011, he applied for and was awarded disability compensation pursuant to the Federal Employees Compensation Act (FECA) 5 U.S.C. § 8101 et. seq. Sometime thereafter, the USPS Office of Inspector General (OIG) began investigating defendant for fraud.

1 Order on Defendant's Motion to Suppress

As a part of the fraud investigation, OIG arranged to have a "ruse" letter sent to defendant, informing him of an appointment with a Contract Vocational Rehabilitation Specialist to determine if he could be returned to a limited duty position or be given vocational rehabilitation. (#32-4, p. 2) The letter informed defendant that "failure to cooperate with this process will be reported to the Office of Workers' Compensation Programs and could affect your Workers' Compensation benefits." (#32-4, p.2)

At the interview on January 7, 2014, defendant gave oral responses to questions and written responses on a document entitled "Current Capability Evaluation." (#32-6) The interviewer was not a Contract Vocational Rehabilitation Specialist, as the ruse letter had said. Instead, he was an investigating official from the OIG. The interview was recorded without defendant's knowledge. The government asserts that defendant made false oral and written statements that exaggerated his physical limitations and minimized his ability to engage in activities. In this motion, defendant seeks an order suppressing the oral and written statements from the interview.

**B. Discussion**

Oregon Revised Statute §165.540 (1)(c) makes it a crime to record any conversation unless all participants to the conversation are specifically informed that their conversation is being obtained. While there are exceptions for law enforcement, it appears that Oregon law clearly prohibits the recording made during defendant's January 7 interview. See, *Oregon v. Miskell*, 277 P.3d 522 (2012). However, federal law allows for surreptitious recordings such as the one in this case. Pursuant to 18 U.S.C. § 2511(20(c):

> It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

2  Order on Defendant's Motion to Suppress

The Ninth Circuit has held that evidence obtained under 18 U.S.C. § 2511(20(c) is admissible in federal court proceedings without regard to state law. *See, e.g., United States v. Hall*, 543 F.2d 1229, 1234-35 (9th Cir. 1976)(*en banc*). Thus, the Oregon statute does not make the surreptitious recording of defendant's interview inadmissible.

Defendant claims the statements from the interview must be suppressed to vindicate his privilege against compelled self-incrimination under the Fifth Amendment as interpreted by *Garrity v. New Jersey*, 385 U.S. 493 (1967). He contends he was compelled to participate in the interview because refusal might jeopardize his disability compensation and because he was deceived regarding the purpose of the interview. Even assuming his statements were involuntary, however, defendant's Fifth Amendment argument cannot be sustained. The government alleges that defendant's interview statements were false. False statements, even when compelled, may be used in a prosecution for the falsity of the statements. *United States v. Mandujano*, 425 U.S. 564, 577 (1976). The Supreme Court has long recognized that the Fifth Amendment privilege does not condone perjury. "[N]either the text nor the spirit of the Fifth Amendment confers a privilege to lie." *Brogan v. United States*, 522 U.S. 398, 404 (1998). See, *United States v. Apfelbaum*, 445 U.S. 115 (1980); *United States v. Wong*, 431 U.S. 174, 178 (1977).

Defendant also contends there are no statements in the interview that are relevant to the charge that he made false statements in violation of 18 U.S.C. §1920. That section makes it illegal to use a false statement in connection with the receipt of government compensation or benefits. During the interview, defendant made statements regarding limitations in his functional capacity and activities in support of his ongoing claim that he remains entitled to workers compensation. Those statements are relevant.

3  Order on Defendant's Motion to Suppress

Finally, defendant claims the interview statements must be suppressed because the interviewer deceived him about his role and the purpose of the interview. There is no dispute that defendant was misled about the purpose of the interview. At the outset, however, defendant was informed that he was speaking to a Postal Service representative about his physical capacities and admonished that he could be subjected to criminal prosecution for making false statements. Accordingly, the interviewer did not "affirmatively mislead" defendant "into believing that the investigation...[would] not lead to criminal charges." *U.S. v. Stringer*, 535 F.3d 929, 940 (9th Cir. 2008) quoting *United States v. Robson*, 477 F.2d 13, 18 (9th Cir. 1973). Accordingly, although I find the government's deception, at a minimum, distasteful in this situation, yet I do not find the conduct so outrageous as to justify the rare sanction of suppression.

### C. Conclusion

For the foregoing reasons, defendant's MOTION TO SUPPRESS (#32) is DENIED.

IT IS SO ORDERED.

DATED this 15th day of January, 2015.

_____
Robert E. Jones, Senior District Court Judge